UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

ELIZABETH A. KENNEDY,

                              Plaintiff,              ORDER

             - against -                             13 CV 2748 (JG)

RICHARD ECHEVARRIA and
ASTRAZENECA L.P.,

                              Defendants.

A P P E A R A N C E S

            THE BEHRINS LAW FIRM PLLC
            1110 South Avenue Suite 402
            Staten Island, New York 10314
      By:   Jonathan B. Behrins
            *Attorney for Plaintiff*

            MORGAN LEWIS & BOCKIUS LLP
            101 Park Avenue
            New York, New York 10178
      By:   Amanda Nicole Slatin
            *Attorney for Defendants*

JOHN GLEESON, United States District Judge:

            On June 22, 2012, Elizabeth Kennedy filed a Request for Judicial Intervention

("RJI") in the New York Supreme Court, Kings County to reinstate a previously dismissed

complaint alleging sexual harassment, retaliatory termination, intentional infliction of emotional

distress, and negligent supervision against defendants Richard Echevarria and AstraZeneca L.P.

Def. Mem. of Law in Supp. of Mot. to Dismiss at 8, ECF No. 5 ("Def. Mem."); *see* Pl. Mem. of

Law at 1, 3, Ex. B, ECF No. 8-2 ("Pl. Mem."). After the state court reinstated the case,

defendants removed it to this Court on May 7, 2013 and moved to dismiss for failure to state a

claim on June 12, 2013.  Def. Mem. at 1.  I heard oral argument on July 17, 2013.  For the

reasons set forth below, defendants' motion to dismiss is granted.

BACKGROUND

A.    *Procedural History*

On October 8, 2010, Kennedy filed a summons and complaint in the Supreme

Court of the State of New York, County of Kings.  Pl. Mem. at 3.  Defendants removed the

action to this Court and moved to dismiss.  For the reasons explained in a written decision on

June 6, 2011, the action was dismissed pursuant to Federal Rule of Civil Procedure 41(b) for

failure to prosecute.  *Kennedy v. AstraZeneca*, No. 10 Civ. 5687 (JG), 2011 WL 2259127, at *2

(E.D.N.Y. June 6, 2011) ("This case is ripe for dismissal for want of prosecution.  The plaintiff

has repeatedly disregarded court orders, and each of the five listed factors weighs to some degree

in favor of dismissal.").  The Clerk entered judgment on June 28, 2011.  Plaintiff did not appeal.

Def. Reply Mem. of Law in Supp. of Mot. to Dismiss at 3, 6, ECF No. 9 ("Def. Reply Mem.").[1]

After Kennedy filed the RJI in the New York Supreme Court, that court restored

the case to its docket on April 9, 2013.  Def. Mem. at 8; *see* Decl. of Amanda Slatin in Supp. of

Def. Mot. to Dismiss at 2-5, Ex. 3; *Id.* at 2, Ex. 4, ECF No. 6 ("Slatin Decl.").  Promptly

thereafter, defendants removed the action to this Court and brought the present motion to

dismiss.  Specifically, defendants argue that Kennedy's claims are duplicative of the action

dismissed by this Court in 2011 and, therefore, the action is barred by *res judicata*.  *Id.* at 10-11

As plaintiff conceded at oral argument, the case now before me involves the same

allegations and requests the same relief as the complaint dismissed on June 6, 2011.  Defendants

contend that this Court's 2011 dismissal pursuant to Rule 41(b) is an adjudication on the merits,

---

[1]    On August 24, 2011, Kennedy faxed a letter to this Court indicating that she had forgiven her
attorney for his missteps in his earlier representation and requesting that her case be reinstated.  Pl. Letter, 10 Civ
5687, ECF No. 22.  I denied this request on August 31, 2011.  On December 30, 2011, Kennedy, through her
counsel, made a motion to vacate the dismissal; that motion was denied on January 10, 2012.

and thus bars the current case from proceeding pursuant to the doctrine of *res judicata*.  *Id.* at 6.

Permitting this case to be litigated after a substantial gap of time would, according to defendants,

be highly prejudicial, as Echevarria and AstraZeneca would be forced to defend themselves

against these "baseless claims" in the face of fading recollections and potential witness

unavailability.  *Id.* at 1.

    Kennedy opposes the motion to dismiss, arguing that, since this Court's 2011

dismissal did not specify that it was "with prejudice," she is free to raise her causes of action

again even though they were previously dismissed.  Decl. in Supp. of Pl. Mot. ¶ 5, ECF No. 8-2

("Pl. Mot."); *see* Pl. Mem. of Law at 5, ECF No. 8-7.  She also requests that this Court

reconsider its prior holding and permit Kennedy to "have her day in court" and not be penalized

for her counsel's prior errors.  Pl. Mot. ¶ 3-4 (internal quotation marks omitted).

DISCUSSION

A.  *Res Judicata*

    Rule 41(b) states as follows:

> If the plaintiff fails to prosecute or to comply with these rules or
> a court order, a defendant may move to dismiss the action nor
> any claim against it.  Unless the dismissal order states otherwise,
> a dismissal under this subdivision (b) and any dismissal not
> under this rule - except one for lack of jurisdiction, improper
> venue, or failure to join a party under Rule 19 - operates as
> adjudication on the merits.

Fed. R. Civ. P. 41(b).  The doctrine of *res judicata* provides that "a final judgment on the merits

of an action precludes the parties or their privies from relitigating issues that were or could have

been raised in that action." *Monahan v. N.Y.C. Dep't of Corr.*, 214 F.3d. 275, 286-87 (2d Cir.

2000) (internal quotation marks omitted).  *Res judicata* challenges may properly be raised via a

3

motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).

*Thompson v. Cnty. of Franklin*, 15 F.3d 245, 253 (2d Cir. 1994).

B.      *Analysis*

The principle underlying *res judicata* is that a judgment by a federal court is a substantive matter.  The purpose of *res judicata* is to "protect litigants from the burden of re-litigating an identical issue with the same party or his privy and . . . promoting judicial economy by preventing needless litigation."  *Parklane Hoisery Co., Inc. v. Shore*, 439 U.S. 322, 326 (1979).  This Court's 2011 order dismissing Kennedy's claims for want of prosecution operated as adjudication on the merits.  *See Kennedy*, 2011 WL 2259127, at *2.  There is no requirement that the court explicitly state that the dismissal is "with prejudice" for the dismissal to bar a subsequent action based on same claim.  *See* Fed. R. Civ. P. 41(b) ("*Unless the dismissal order states otherwise*, a dismissal under this subdivision (b) . . . operates as an adjudication on the merits.") (emphasis added).

Kennedy's opportunity to continue to litigate her claims ended when she chose not to appeal this Court's June 6, 2011 decision to the Second Circuit Court of Appeals.  She may not reargue the merits of the dismissal once an unfavorable decision has become final. Dismissal of her claims does not unfairly prejudice Kennedy, as she had an opportunity to appeal my prior decision.  Moreover, the Supreme Court has held that dismissals on account of an attorney's failure to prosecute do not impose an unjust penalty on the client.  *Link v. Wabash R.R. Co*., 370 U.S. 626, 633–34 (1962) (explaining that parties voluntarily choose their attorneys as representatives and cannot avoid the consequences of the acts or omissions of this freely selected agent); *Lastra v. Weil, Gotshal & Manges LLP*, No. 03 Civ. 8756 (RJH) (RLE), 2005 WL 551996, at *4 (S.D.N.Y. Mar. 8, 2005) (holding that absent extraordinary circumstances, a

4

client assumes the risk of his attorney's actions and is bound even by the consequences of his attorney's negligence); *see also Nolan v. Primagency, Inc.*, No. 07 Civ. 134 (RSJ), 2008 WL 1758644, at *5 (S.D.N.Y. April 16, 2008) (affirming that plaintiff is responsible for his choice of counsel).

C.      *Awarding of Attorney's Fees*

Defendants seek attorney's fees pursuant to 28 U.S.C. § 1927.[2]  This application is denied.  An award under 28 U.S.C. § 1927 is proper only "when the attorney's actions are so completely without merit as to require the conclusion that they must have been undertaken for some improper purpose."  *60 E. 80th St. Equities, Inc. v. Sapir*, 218 F.3d 109, 115 (2d Cir. 2000). To award fees under this section, there must be "a finding of conduct constituting or akin to bad faith." *Id.*; *see S.E.C. v. Smith*, 798 F. Supp. 2d 412, 421 (N.D.N.Y. 2011).  Because Kennedy's counsel had a genuine interest in aiding his client and demonstrated a good faith – though ultimately fruitless – effort to rectify past improper conduct, an award of fees to defendants under 28 U.S.C. § 1927 is not warranted.

CONCLUSION

The defendants' motion to dismiss is granted.  The application for attorney's fees is denied.

So ordered.


John Gleeson, U.S.D.J.

Dated: July 26, 2013
       Brooklyn, New York

---

[2]      28 U.S.C. § 1927 states that "any attorney. . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorney's fees reasonably incurred because of such conduct."